**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-21-DLB-CJS**

**JAVIER VARGAS**                                                    **PLAINTIFF**

**v.**                                        **ORDER**

**UNITED STATES OF AMERICA**                              **DEFENDANT**

* * * * * * * * * * * * *

This matter is before the Court upon Plaintiff Javier Vargas' Motion for Preliminary Injunction (Doc. # 9). Consistent with local practice, this motion was referred to Magistrate Judge Candace J. Smith for the purpose of preparing a Report and Recommendation. Judge Smith issued a Report and Recommendation, wherein she recommends that the motion be denied (Doc. # 29). Vargas having filed Objections (Doc. # 38) and the United States having responded thereto (Doc. # 41) this matter is ripe for review. For the reasons which follow, Vargas' Objections are **overruled**, and the Report and Recommendation is adopted as the **opinion** of the Court.

**I.    BACKGROUND**

Vargas was housed at the Federal Correctional Institution at Ashland, Kentucky ("FCI Ashland") from January 2023 until he was transferred to the Federal Correctional Institution at Elkton in Ohio in August 2024. While still at FCI Ashland, on February 22, 2024, Vargas filed this civil action pursuant to the Federal Tort Claims Act, alleging that the staff at FCI Ashland failed to provide him with adequate medical care, causing him injury and damages. (Doc. # 1). On March 28, 2024, he filed a Motion for Preliminary

Injunction, alleging that "necessary medication he was prescribed by an independent physician … is being withheld from him at FCI Ashland." (Doc. # 9).  He seeks an Order from this Court directing the staff at FCI Ashland to provide him with omeprazole, gabapentin, and hydroxyzine for treatment of his gastroesophageal reflex ("GERD"). *Id.*

## II.    REPORT AND RECOMMENDATION

In her Report and Recommendation, Magistrate Judge Smith first found that Vargas' motion is moot as he is no longer housed at FCI Ashland. (Doc. # 29, p. 5).  Nonetheless,  she went on to examine the motion on the merits and concluded that Vargas' arguments failed. *Id.* at p. 6.  She noted that a preliminary injunction is an extraordinary remedy, and that the movant bears a heavy burden. *Id.* Magistrate Judge Smith then analyzed the four factors a court examines in determining whether to issue a preliminary injunction: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994).

As to a strong likelihood of success on the merits, she found Vargas' argument unavailing. (Doc. # 29, p. 8). Specifically, she noted that his claim is one of medical malpractice, which requires expert testimony to establish the essential elements of the claim. *Id.*  In this case, Vargas has not identified an expert. *Id.* Further, Magistrate Judge Smith noted that Vargas has not demonstrated irreparable harm, as, based upon the record, the harm alleged was vague and largely within his control. *Id.* at p. 10.  She specifically noted found that FCI Ashland medical staff continuously altered Vargas'

medications when requested and counseled him to change his diet, which would alleviate his GERD symptoms. *Id.*  Finally, as to the equities, she concluded that Vargas did not demonstrate those tipping in his favor. *Id.*  As such, Magistrate Judge Smith recommends that the motion be denied.

### III.    ANALYSIS

#### A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Civil Procedure 72, following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider *de novo* any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C). Failure to object is considered a waiver of the party's right to review. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001). "Moreover, an objection that does nothing more than state a disagreement with a

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (*quoting VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)) (internal quotation marks omitted). Objections that merely reiterate a party's original arguments before the magistrate judge are subject to a clear error review instead of de novo. *See United States v. Duerso*n, Nos. 5:19-cr-130-DCR, 5:22-cv-278-DCR, 2023 WL 2240800, at *1 (E.D. Ky. Feb. 27, 2023).

### B. Plaintiff's Objections

Vargas filed Objections to the R&R.  His objections focus solely on Magistrate Judge Smith's findings relating to the treatment he received for GERD. First, he contends that the staff at FCI Ashland violated the Eighth Amendment by continually refusing to provide him with medication for his GERD.  He contends that the staff at FCI Ashland were "deliberately indifferent" to his medical needs because his condition has not improved.  He further asserts that being instructed to avoid spicy foods does not amount to treatment.

Notably, Vargas does not object to Magistrate Judge Smith's finding that his motion is moot. As such, he has waived any objection in this regard. *Thomas*, 474 U.S. at 150. Yet, the fact that he is no longer at FCI Ahland is fatal to his claim for injunctive relief. The purpose of a preliminary injunction is to preserve the status quo. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004).  More accurately stated, a preliminary injunction seeks  to  preserve  the *status quo ante  litem*,  which,  loosely translated, means the way things were before the lawsuit.   Indeed, the very nature of interim injunctive relief is to afford a movant protection from harm during the pendency of

a civil action.  In other words, "if the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, ..., by the issuance of a mandatory injunction, ..., or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury."  *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

In this case, Vargas' motion specifically seeks to have the staff at FCI Ashland provide him with certain medications. As he is no longer at FCI Ashland, an injunction would serve no purpose and is, as such, moot.

Notably, as Magistrate Judge Smith referenced, within the Sixth Circuit, transfer to another correctional facility moots a prisoner's claims for injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner plaintiff's claims for injunctive and declaratory relief became moot when the prisoner was transferred from the prison about which he complained); *Moore v. Johnson*, No. 1:22-cv-872, 2023 WL 1988865, at *6 (S.D. Mich. Feb. 14, 2023); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896, at *1 (6th Cir. May 9, 1990).  Such is the case here.

## IV.    CONCLUSION

Vargas has failed to raise any meritorious legal objections to the Report and Recommendation.  Accordingly, **IT IS ORDERED** as follows:

(1) The Report and Recommendation (Doc. # 29) is hereby **ADOPTED** as the opinion of the Court;

(2) Vargas' Objections to the Report and Recommendation (Doc. # 38) are **OVERRULED**;

5

(3) Vargas' Motion for Preliminary Injunction is **DENIED**.

This 24th day of March, 2025.



Signed By:

*David L. Bunning*

Chief United States District Judge