**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NOTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-21-DLB-CJS**

**JAVIER VARGAS**                                                                    **PLAINTIFF**

**v.**                           **REPORT AND RECOMMENDATION**

**UNITED STATES OF AMERICA**                                       **DEFENDANT**

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter has been referred to the undersigned to conduct all pretrial proceedings, including preparing a recommended disposition on any dispositive matter. (*See* R. 18). On March 25, 2025, and again on April 10, 2025, the Court directed *pro se* Plaintiff Javier Vargas to file a Response to the United States' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment. (*See* R. 43; R. 49). Those Orders informed Vargas that under the Local Rules of this Court, a failure to respond to the Government's Motion could result in that Motion being granted, and further informed Vargas that if he made no filing to show he intended to pursue this case, the case would likely be dismissed. (*See id.*). As of the date of this Report and Recommendation, Vargas has made no responsive filings either to the United States' Motion or to the Court's Orders. Therefore, for the reasons below, the undersigned will recommend this case **be dismissed**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Through this action, Vargas alleges negligence by Bureau of Prisons ("BOP") staff related to medical care he received while an inmate at FCI Ashland in Ashland, Kentucky. (*See* R. 1; R. 11; *see also* R. 12). The United States filed its Answer on July 1, 2024. (R. 17). On July 16, 2024,

a simplified Scheduling Order was entered in the case, which required pretrial discovery to be completed by January 16, 2025, and provided for the filing of dispositive motions by February 18, 2025. (R. 20).

Before the United States was served or appeared in the action, Vargas filed a Motion for Preliminary Injunction, asking the Court to require the United States to provide him with requested medication. (R. 9). The United States filed a Response to that Motion on August 6, 2024, after the Court's Scheduling Order was entered. (R. 23). Vargas then had until August 23, 2024, to file a Reply. (*See* R. 24). He did not do so, and on November 6, 2024, the undersigned recommended that his Motion be denied. (R. 29). Vargas then had fourteen days to object to that recommendation. (*See id.* at Page ID 338).

On November 22, 2024, a motion by Vargas for an extension of time to file objections was docketed. (R. 32). That motion was granted, and the deadline for Vargas to file objections was set as December 20, 2024. (R. 33). On December 26, 2024, the Court received another motion by Vargas for an extension of time to file objections to the Report and Recommendation. (R. 35). That motion was also granted, and the deadline for Vargas to file objections was set as January 24, 2025. (R. 36). Vargas's objections were ultimately docketed on February 5, 2025. (R. 38). Upon review, Chief District Judge Bunning overruled Vargas's objections and adopted the undersigned's recommendation on March 24, 2025. (R. 42). Vargas appealed that Order to the United States Court of Appeals for the Sixth Circuit. (R. 44).

After Vargas's Notice of Appeal was received by the Sixth Circuit, he was advised by the case manager for his appeal that he must either pay the $605.00 appellate filing fee or file a motion for leave to proceed on appeal *in forma pauperis* and an accompanying financial affidavit. (R. 45 at Page ID 480). Vargas then, on April 3, 2025, filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and requested that counsel be appointed for him. (R. 46). The Court ordered

2

that by April 24, 2025, Vargas supplement his application to proceed on appeal IFP with a certified six-month prison trust account statement. (R. 48 at Page ID 494). The Court thus took Vargas's IFP motion under advisement and also denied his motion for counsel without prejudice (as that request should be presented to the Sixth Circuit). (*Id.*). On May 7, 2025, the Sixth Circuit dismissed Vargas's appeal for lack of jurisdiction. (R. 52). Then on May 15, 2025, this Court denied as moot Vargas's Motion for Leave to Proceed on Appeal *In Forma Pauperis*. (R. 54).

In addition to the proceedings discussed above,[1] the United States filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment on February 18, 2025. (R. 39). Vargas did not file a response to that dispositive motion, so on March 25, 2025, the Court entered an Order directing Vargas to respond to the United States' Motion or to make a filing concerning his intentions to pursue this case. (R. 43). The Court ordered Vargas to file a Response by April 4, 2025, and although Vargas made other filings during this time (*see* R. 46), Vargas did not file a Response as ordered.

The Court then entered an Order on April 10, 2025, giving Vargas another opportunity to file a Response to the Government's Motion and warning him that, under Local Civil Rule 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." (R. 49 at Page ID 496). Vargas was also warned that if he again failed to respond, "the undersigned [would] likely recommend to the presiding District Judge that his case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Federal Rules of Civil Procedure and

---

[1] Also relevant procedurally are the following events. Vargas's First Set of Discovery Requests were filed in the record on August 5, 2024. (R. 22). On August 14, 2024, the Court received notice from Vargas that he was being transferred to FCI Elkton. (R. 25). On September 9, 2024, the United States served its discovery responses on Vargas at his new facility. (*See, e.g.*, R. 27). On November 21, 2024, the United States filed a Motion for Leave to take Vargas's deposition. (R. 31). That motion was granted. (R. 34).

3

the Court's orders." (*Id.*). The Court ordered that he had until April 20, 2025, to file his Response. (*Id.*).

As of the date of this Report and Recommendation, the record reveals no correspondence or filings from Vargas since April 25, 2025, when he submitted his Prisoner Trust Fund Account Statement. (*See* R. 46). For the reasons discussed below, it will be recommended that Vargas's action be dismissed for his failure to prosecute this litigation.

## II.     ANALYSIS

A federal trial court has authority to dismiss a case under Federal Rule of Civil Procedure 41(b) because of a plaintiff's failure to prosecute his claims. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962) (holding that the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss s*ua sponte*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 630-31 (discussing power of federal trial court to dismiss a plaintiff's action with prejudice because of plaintiff's failure to prosecute); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties after certain plaintiffs failed to respond to a court order requiring the filing of certain information)).

4

In determining whether a case should be dismissed for failure to prosecute under Rule 41(b), a court should consider the following four factors:

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll*, 176 F.3d at 363. Although the factors are often phrased in terms of the appellate court's review, district courts apply them as well. *See, e.g.*, *Clark v. Parker*, No. 5:24-CV-1312, 2025 WL 2355213, at *4 (N.D. Ohio Aug. 14, 2025). On this record, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

First, Vargas's lack of communication suggests that he has abandoned his case, particularly considering earlier filings he made, which demonstrate he knows how to inform the Court of a change in his address and how to file motions and other papers. (*See, e.g.*, R. 9; R. 25). Importantly, the authority to dismiss a case for failure to prosecute applies specifically in the context here—where a litigant apparently abandons his case by failing to respond to multiple court orders. *See Cornett v. Dobson*, 338 F.R.D. 97, 99-100 (E.D. Ky. 2021) (finding that the first factor was met when plaintiff failed to respond to show cause orders and a dispositive motion).

Second, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). Although prejudice to the United States at this point may be minimal, it has expended resources in defending this action, including preparing and filing its Answer (R. 17), responding to Vargas's filings (R. 23; R. 41), and filing a dispositive motion (R. 39). In addition, Vargas's inaction has resulted in

5

an overall delay of the litigation. Thus, Vargas's failure to file a Response to the Government's dispositive motion and his failure to make other filings to advance this case have both caused prejudice to the Government.

Third, Vargas has been given clear warnings that failure to respond to the Government's dispositive motion or to otherwise demonstrate an intent to pursue his claims could result in a recommendation that this action be dismissed. (*See* R. 43 at Page ID 475; *see also* R. 49 at Page ID 496). Despite these admonishments, Vargas has taken no actions that show an intention to pursue his claims in this Court. The Sixth Circuit has stated that a party's failure to act in the face of a warning from the court that the case would be dismissed is a powerful indication of willful noncompliance. *Cf. Lovejoy v. Owens*, 19 F.3d 1433, No. 92-4207, 1994 WL 91814, at *2 (6th Cir. Mar. 21, 1994) (unpublished table decision) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

Last, less drastic sanctions were considered prior to recommending dismissal. Vargas was ordered to take necessary action concerning his intent to prosecute this matter, and he was notified that his failure to do so could be grounds to dismiss the action. (*See* R. 43; R. 49). Vargas has failed to respond to the Court's Orders and failed to in any other way indicate that he has not abandoned his claims. Under the totality of the circumstances, Vargas's inaction indicates that his failure to prosecute this case is either a willful decision on his part or in reckless disregard for the effect that his conduct has upon his case. Thus, dismissal is warranted. *See Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

In this instance, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Rule 41(b). *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is

6

dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Vargas's actions have indicated that he does not intend to further participate in his case. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (discussing situation of attorney's actions). In sum, given Vargas's disregard for the Court's Orders and his lack of participation or communication in this matter, it will be recommended that this matter be dismissed without prejudice.

**III. CONCLUSION AND RECOMMENDATION**

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal of this action. Accordingly, **IT IS RECOMMENDED** as follows:

1) Plaintiff Javier Vargas's Complaint (R. 1) **be dismissed without prejudice** for failure to prosecute and for failure to comply with the Court's Orders.

2) The United States' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment (R. 39) **be denied as moot**.

3) This action **be stricken** from the Court's active docket.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 508-09. A party may respond to another party's objections within 14 days of being served with a copy. Fed. R. Civ. P. 72(b)(2).

Signed this 21st day of August, 2025.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\civil ashland\2024\24-21-DLB R&R re dismissal.docx